**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT KENDRICKS,

Plaintiff, 9:24-cv-1285 (ECC/PJE)

v.

ANDREW BOYD, et al.,

Defendants.

---

**Appearances:**

Robert Kendricks, *Pro se Plaintiff*
Elizabeth Lombardi, Asst. Att'y General, *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Robert Kendricks commenced this civil rights action on October 21, 2024. Dkt. No. 1. His surviving claims are brought pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), and arise out of his incarceration at Adirondack Correctional Facility. Dkt. No. 8. On January 30, 2026, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a), seeking dismissal of the remaining claims on both failure-to-exhaust grounds and the merits. Dkt. No. 37. The motion was fully briefed. Dkt. Nos. 40, 44.

This matter was assigned to United States Magistrate Judge Paul J. Evangelista who, on July 16, 2026, issued a Report-Recommendation and Order recommending that Defendants' motion be granted on the basis of Plaintiff's failure to exhaust his administrative remedies prior to filing suit. Dkt. No. 50. Magistrate Judge Evangelista advised the parties that under 28 U.S.C. §

636(b)(1), they had fourteen days within which to file written objections to the report and that the failure to object to the report within fourteen days would preclude appellate review. Dkt. No. 50 at 17. No objections were filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation recommending dismissal of the Complaint based on Plaintiff's failure to exhaust his administrative remedies. "'Ordinarily, the proper remedy where a prisoner has failed to satisfy the exhaustion requirement is to dismiss the complaint without prejudice, to give the inmate a chance to exhaust his administrative remedies and then refile his complaint.'" *Animashaun v. Afify*, 470 F. Supp. 3d 294, 297 (W.D.N.Y. 2020) (quoting *Brown v. Napoli*, 687 F. Supp. 2d 295, 298 (W.D.N.Y. 2009)).[1]

For these reasons, it is

**ORDERED** that the Report-Recommendation, Dkt. No. 50, is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(a), Dkt. No. 37, is **GRANTED in part**; and it is further

**ORDERED** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case; and it is further

---

[1] Defendants concede that dismissal of Plaintiff's Complaint based on the failure to exhaust his administrative remedies should be without prejudice. Dkt. No. 37-1 at 13.

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 8, 2026

Elizabeth C. Coombe
U.S. District Judge